# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| DANIEL NUNEZ | § | |
| | § | Civ. No. 7:16-CV-702 |
| vs. | § | |
| | § | Crim. No. 7:12-CR-191-1 |
| UNITED STATES OF AMERICA | § | |

## UNITED STATES' MEMORANDUM IN RESPONSE TO § 2255 MOTION

The United States of America ("the Government") submits this memorandum in response to the 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence filed by Daniel Nunez ("Nunez"). (DE 858). [1] The United States respectfully requests that this Court:

(1)    Conduct an evidentiary hearing limited to the issue of whether Nunez has satisfied the standards set forth in *United States v. Cervantes*, 132 F.3d 1106, 1110 (1998), regarding the validity of a guilty plea that may have been induced by counsel's unkept promises; and

(2)    Because the record conclusively shows that no relief is appropriate—Nunez's remaining claims are substantively meritless—the Government respectfully requests that this Court deny Nunez's remaining claims without further proceedings. *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983).

## I.    Background

On February 21, 2012, a Federal Grand Jury in the McAllen Division of the

---

[1]  "DE" refers to the docket entry in Case No. 7:12-CR-191-1 in the United States District Court for the Southern District of Texas. Page references are to the page number provided in the ecf-filing header.

United States District Court for the Southern District of Texas returned a three-count indictment charging Nunez with one count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of possession with intent to distribute 100 kilograms or more of marijuana (497 kilograms), in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2, and one count of possession with intent to distribute 1000 kilograms or more of marijuana (1,043 kilograms), in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2. (DE 46). On May 29, 2012, the Federal Grand Jury returned a ten-count second superseding indictment charging Nunez with:

(1) Conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846;

(2) Conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(a)(2)(A) and (h);

(3) Possession with intent to distribute 100 kilograms or more of marijuana (314 kilograms), in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2;

(4) Engaging in money laundering in violation of 18 U.S.C. § 1956(a)(2)(A) and 18 U.S.C. § 2;

(5) Possession with intent to distribute 100 kilograms or more of marijuana (497 kilograms), in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2;

(6) Possessing with intent to distribute 100 kilograms or more of marijuana (409 kilograms), in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2;

(7) Possession with intent to distribute 1000 kilograms or more of marijuana (1,272 kilograms), in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2;

(8) Possession with intent to distribute 1000 kilograms or more of marijuana (1,181 kilograms), in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C.

2

§ 2;

(9) Possession with intent to distribute 1000 kilograms or more of marijuana (1,243 kilograms), in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2; and

(10) Possession with intent to distribute 1000 kilograms or more of marijuana (1,263 kilograms), in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2. (DE 193).

Nunez's attorney filed the following pretrial motions on November 5, 2012:

(1) Motion for hearing to determine the existence of conspiracy (DE 330);

(2) Motion for disclosure of favorable treatment or threats to Government witness (DE 331); and

(3) Motion for *Jencks* Act material (DE 332).

However, on May 29, 2014, Nunez elected to plead guilty, pursuant to a plea agreement, to count one, conspiring to possess with intent to distribute 1,000 kilograms or more of marijuana and count two, conspiring to engage in money laundering. (DE 380; DE 787 at 6-8). The Court calculated Nunez's offense level to be 45, as reflected in the table below:

| PSR[2] ¶ | USSG Section (2012 Edition) | Basis | Offense Level |
|---|---|---|---|
| 134 | 2D1.1(c)(2) | Base offense level for conspiring to possess 10,000 to 30,000 kilograms of marijuana | 36 |
| 135 | 2D1.1(b)(1) | Offense involved the possession of a dangerous weapon (including firearm) | +2 |

---

[2] All "PSR ¶" citations refer to the presentence investigation report prepared on April 10, 2013. (DE 677).

3

| 136 | 2D1.1(b)(12) | Nunez maintained a premises for the purpose of manufacturing or distributing a controlled substance | +2 |
|---|---|---|---|
| 137 | 2D1.1(b)(14)(E) | Nunez received an adjustment under § 3B1.1 (Aggravating Role) and he committed the offense as part of a pattern of criminal conduct engaged in as a livelihood | +2 |
| 140 | 3B1.1(a) | Nunez was deemed an organizer or leader of a criminal activity that involved five or more participants and the activity was otherwise extensive | +4 |
| 142 | | Adjusted offense level | 46 |
| 143 | 2S1.1(a)(1) | Base offense level for conspiring to launder money | 42 |
| 144 | 2S1.1(b)(2)(B) | Nunez was convicted under 18 U.S.C. § 1956 | +2 |
| 146 | 3B1.1(a) | Nunez was deemed an organizer or leader of a criminal activity that involved five or more participants and the activity was otherwise extensive | +4 |
| 148 | | Adjusted offense level | 48 |
| 151 | 3D1.4 | Greater adjusted offense level | 48 |
| Not in PSR, applied at sentencing, DE 790 at 4. | 3E1.1(a)&(b) | Nunez accepted responsibility for the offense | -3 |
| 179; DE 790 at 4. | | Total offense level | 45 |

Nunez's prior criminal history placed him in Criminal History Category I,

yielding an advisory guideline range of life imprisonment. (PSR ¶ 179). Nunez made several attempts to qualify for a departure, under U.S.S.G. § 5K1.1, for substantial assistance to the Government. (*See* DE 788 & 789). However, the Government failed to file a motion under § 5K1.1 because Nunez's cooperation did not rise to a level that would warrant a departure for substantial assistance. (*See* DE 790 at 4). On May 20, 2013, Nunez's attorney filed the following objections to the PSR:

(1) The amount of drugs which resulted in a base offense level of 36 (DE 701 at 1);

(2) The two-level firearm enhancement (*Id*. at 2);

(3) The two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance (*Id*.);

(4) The two-level enhancement for committing the offense as part of a pattern of criminal conduct engaged in as a livelihood (*Id*.);

(5) The four-level enhancement for being an organizer or leader of a criminal activity that involved five or more participants and the activity was otherwise extensive (*Id*.);

(6) The greater adjusted offense level being 48 (*Id*. at 3); and

(7) The failure to credit Nunez with a three-level reduction for acceptance of responsibility (*Id*.).

On July 1, 2013, the Court granted Nunez's motion to allow the substitution of new counsel and Nunez's prior counsel were allowed to withdraw. Nunez's new counsel filed additional objections to the PSR, primarily to the different seizures of marijuana that were attributed to Nunez as well as to all the enhancements Nunez received (except the role enhancement). (*See* DE 762). At the sentencing hearing on

April 24, 2014, Nunez's counsel renewed and argued his objections to the PSR, however the Court denied all of Nunez's objections to the PSR. (*See* DE 790 at 17, 26, 29, and 34). The Court also denied Nunez's request for a downward variance. (DE 790 at 41). The Court adopted the findings contained in the PSR and imposed a sentence of life imprisonment as to count one and twenty years as to count two. (DE 790 at 39; DE 775).

The judgment against Nunez was entered on May 2, 2014, (DE 775), and he appealed his sentence. (DE 779). However, the Fifth Circuit Court of Appeals affirmed Nunez's sentence on May 29, 2015. *See United States v. Nunez*, 604 Fed. App'x. 353 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 338, (2015). Nunez filed a writ of certiorari with the Supreme Court, which was denied on October 13, 2015. *Id.* Nunez's judgment became final on October 13, 2015, the date his petition for writ of certiorari was denied. *See United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000) (stating that a federal conviction becomes "final" for § 2255(1) purposes when the Supreme Court denies the petition for writ of certiorari).

On October 12, 2016, Nunez, through his attorney, filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 with the District Clerk. (DE 858). Because Nunez's motion was filed within one year from the date his judgment became final, it is timely. *See* 28 U.S.C. § 2255(f)(1). This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2255.

Nunez's motion puts forth the following grounds for relief:

(1) Nunez's plea of guilty was not made knowingly or voluntarily because of ineffective assistance of counsel (DE 858 at 30-39);

(2) Whether Nunez's counsel was ineffective for failing to conduct an adequate and independent pretrial investigation (*Id*. at 33-35);

(3) Whether Nunez's counsel was ineffective for failing to file substantive pretrial motions (*Id*. at 33-35); and

(4) Whether Nunez's counsel was ineffective for failing to negotiate a favorable plea agreement (*Id*. at 38-39).

As set forth below in more detail, ordinarily, if a defendant can show that he would be entitled to relief if his factual allegations are true, the district court must hold an evidentiary hearing to determine the validity of Nunez's assertions." *United States v. Alanis*, 88 F. App'x 15, 19 (5th Cir. 2004). Accordingly, the Government respectfully requests that this schedule a hearing on the limited issue of whether Nunez would have pled guilty but for the ineffective assistance of counsel.

Nunez's remaining claims cannot support relief. As discussed below, these claims fail because Nunez fails to satisfy his burden under *Strickland*.

## II. Applicable Law

### A. Section 2255

Motions pursuant to 28 U.S.C. § 2255 may only seek relief for particular types of errors. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). While a movant may raise a jurisdictional or constitutional claim, a § 2255 motion "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). If the

claim asserted in a § 2255 motion could have been raised on direct appeal, but was not, the issue is considered to be procedurally defaulted; before a movant can obtain relief under § 2255, he must show cause for his failure to raise the issue on appeal and "actual prejudice" resulting from the error. *Cervantes*, 132 F.3d at 1109. Conversely, where an issue is raised and decided on direct appeal, that issue may not be relitigated in a motion pursuant to § 2255. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

A movant may also raise certain other claims under § 2255 that could not have been raised in a direct appeal, but to obtain relief on such a claim, the movant must establish that allowing the alleged error to go uncorrected "would result in a complete miscarriage of justice." *Id*.

Where the motion and record of the case show that no relief on the § 2255 motion is appropriate, the motion may be resolved without an evidentiary hearing. *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). Denial of a § 2255 motion without an evidentiary hearing is akin to a ruling on a motion for summary judgment. *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). "Summary judgment is proper if there is no genuine issue as to any material fact and the moving party [here the § 2255 respondent] is entitled to judgment as a matter of law." *Casey v. Stephens*, 161 F. Supp. 3d 496 (S.D. Tex. Feb. 9, 2016) (citing Fed. R. Civ. P. 56(a)). "The law of summary judgment is well known . . . and the summary judgment

8

standards most relevant here are well established: the Court must accept the nonmovant's evidence as true; it must draw all reasonable inferences from that evidence in the light most favorable to nonmovant; and it must avoid making credibility determinations." *Scandinavian Bunkering, A.S. v. Norfield Shipping, A.S.*, 2016 WL 824708, at *1 (S.D. Tex. Feb. 9, 2016).

### B.    Ineffective assistance of counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the familiar two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). Under that standard, a petitioner must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This requires showing that counsel's performance was objectively unreasonable, that is, outside the broad range of what is considered reasonable assistance. *United States v. Dovalina*, 262 F.3d 472, 474 - 475 (5th Cir. 2001). A petitioner must also show that the deficient performance led to an unfair and unreliable conviction or sentence. *Id.*

Counsel's performance is strongly presumed to fall within the wide range of reasonable professional assistance. *Premo v. Moore*, 562 U.S. 115, 121 (2011). To overcome that presumption, a petitioner must "show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 121-22 (internal quotations omitted). "[T]he standard

for judging counsel's representation is a most deferential one." *Id.* at 122. "The question is whether an attorney's representation *amounted to incompetence* under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.* (emphasis added).

If the movant fails to prove one prong, it is not necessary to analyze the other. *United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014) ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." (quoting *Strickland*)); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

### i.    Ineffective Assistance of Counsel Related to Guilty Plea

In *Hill v. Lockhart*, the United States Supreme Court held that the two-part *Strickland* standard was applicable to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). In *Armstead*, the Fifth Circuit reviewed the requirements for a successful ineffective assistance of counsel claim in the guilty plea context. The court observed that in a guilty plea scenario, the petitioner must prove not only that his attorney actually erred, but also that he would not have pleaded guilty but for that error. *Armstead,* 37 F.3d at 206 (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)). The defendant must affirmatively prove prejudice; a mere allegation of prejudice is not sufficient. The

petitioner must establish that but for his counsel's erroneous advice he would not have pleaded guilty but would have insisted on going to trial. *Id.* (citing *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990)). This assessment, in turn, will depend in part on a prediction of what the outcome of the trial might have been. *Id.* (citing *Hill v. Lockhart*, 474 U.S. at 56-58); *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012)); *see also Young v. Spinner*, 873 F.3d 282, 285 (5th Cir. 2017).

In *Lee v. United States*, _ U.S. _, 137 S. Ct. 1958 (2017), the Supreme Court examined the prejudice prong of the *Strickland* standard when a defendant foregoes trial and enters a plea as a result of an attorney's concededly unreasonable representation. The Court held that when a defendant alleges that his counsel's deficient performance led him to accept a guilty plea rather than go to trial, the question is not whether had he gone to trial, the result of the trial would have been different than the result of the plea bargain, but rather whether the defendant was prejudiced by the denial of the entire proceeding to which he had a right. *Lee*, 137 S. Ct. at 1965. Under the circumstances presented in *Hill* and *Lee*, the prejudice prong of *Strickland* did not turn on "how a hypothetical trial would have played out absent the error," those cases turned on whether a properly advised defendant would have proceeded to trial. *Id*. The inquiry under these circumstances "focuses on a defendant's decision-making, which may not turn solely on the likelihood of conviction after trial." *Id*.

In *Young*, the Fifth Circuit examined the circumstances underlying the petitioner's guilty plea and held that, despite counsel's incorrect assessment of Young's sentencing exposure, Young could not demonstrate that he was prejudiced by counsel's deficient performance. *Young*, 873 F.3d 282. The Court noted the evidence amassed against Young made an acquittal exceedingly unlikely. *Young*, at 287 (citing *United States v. Kayode*, 777 F.3d 719, 726-27 (5th Cir. 2014) (finding that the "overwhelming evidence" on the charged offenses and lack of a viable defense other than Kayode's sworn testimony weighs against a finding of prejudice); *Armstead*, 37 F.3d at 210 (concluding Armstead, "in light of the strong evidence against him"—including an eyewitness lineup identification and his fingerprints being found at the crime scene—had not shown "there is a reasonable probability that he would not have plead[ed] guilty").   The Fifth Circuit explained that, "the lack of any defense to the charge means that Young still had a strong incentive to plead guilty even with a sentencing range of five to twenty years." Stated otherwise, the defendant had little to gain and much potentially to lose by insisting on a trial. *Id*. at 287. The *Young* Court found additional significance in the defendant's failure to withdraw his plea before sentencing "even though by that time he realized he faced a potential sentence of twenty years and had been told by counsel that seeking withdrawal was an option." This, the court observed, constitutes contemporaneous evidence that Young was not inclined to risk a trial. Young's singular interest was

to minimize his sentence. Pleading guilty usually results in a reduction of the length of a defendant's sentence. *Id*. at 287-88.

## III.   An evidentiary hearing is appropriate to resolve Nunez's first claim regarding ineffective assistance of counsel.

In his first claim, Nunez alleges that his counsel improperly induced him to plead guilty by promising him that he would receive a maximum sentence of 10 years' imprisonment. (DE 858 at 31; DE 859). Furthermore, Nunez submitted a sworn affidavit by his wife, Patricia Lizette Benavidez, wherein she states that Nunez's attorney told her that Nunez would receive no more than 10 years' imprisonment. (DE 858 at 31, 41). In light of the record, the Government believes it is appropriate for the Court to conduct an evidentiary hearing. *See Cervantes*, 132 F.3d at 1110.

While "a guilty plea may be invalid if induced by defense counsel's unkept promises . . . a defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath." *Cervantes*, 132 F.3d at 1110. Accordingly, "a defendant may seek habeas relief on the basis of alleged promises, though inconsistent with representations she made in open court when entering her guilty plea, by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Id.* "If the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third

13

parties, she is entitled to an evidentiary hearing on the issue." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id.*

Although Nunez's claim is inconsistent with the "bulk" of his conduct and the evidence in the record, Nunez appears to have at least partly met the prerequisites set forth in *Cervantes*. Nunez has produced some independent indicia of merit in the form of an affidavit from a third person (his wife) that sets out the terms of the alleged promise (10 year maximum sentence) and when (prior to Nunez's plea of guilty), where (the office of Nunez's attorney), and by whom (Nunez's attorney) the promise was made. (DE 858 at 41).

Because Nunez has produced some independent indicia of the likely merit of his claim, a hearing may be appropriate to ascertain the validity of Nunez's factual allegations regarding his ineffective-assistance-of-trial-counsel claim. *Cisneros*, 132 F.3d at 1110 (stating that "[i]f the defendant produces independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties, [he is] entitled to an evidentiary hearing on the issue"). Accordingly, pursuant to the authority set forth above, the United States respectfully requests that this Court: (1) schedule an evidentiary hearing limited to whether Cisneros' received ineffective assistance of counsel and was prejudiced as a result

as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).

## IV.   Analysis

In light of the well-settled law set forth above, the record conclusively shows that Nunez is not entitled to relief on any of the remaining grounds he asserts, which should be denied without further proceedings. *Santora*, 711 F.2d at 41.

### A.   Nunez's claim that his attorney was ineffective for failing to investigate his case fails because he cannot meet either of the *Strickland* prongs.

Nunez's claim that his attorney was ineffective for failing to investigate his case fails because he does not show either deficient performance or prejudice in his case. In order to prevail on an ineffective assistance claim for failing to investigate, a movant must state with specificity what the investigation would have revealed and how the evidence would have altered the outcome of the trial. *See United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989). Additionally, a movant must show that his attorney's failure to investigate resulted in prejudice to the defendant. *Id*.; *see also Woodard v. Collins*, 898 F.2d 1027, 2019 (5th Cir. 1990) (stating there is no presumption of prejudice based on a failure to investigate).

Nunez states "[he] wanted Banker to conduct an independent pretrial investigation, including interviewing witnesses and securing experts' opinion." (DE 858 at 34). Nunez further alleges, "[h]ad Banker made proceeding to trial an option by conducting a reasonable pretrial investigation, there is a reasonable probability

that Nunez would have received a significantly less harsh sentence." (*Id*. at 34-35). This speculative claim fails because Nunez has not demonstrated prejudice, because he "has failed to suggest with specificity what exculpatory evidence could have been uncovered by a more thorough investigation by [his]counsel, and has failed to show that counsel's [purported] failure to follow up on [his] leads was unreasonable." *Green*, 882 F.2d at 1002.

Addressing similar conclusory allegations from a defendant, the Fifth Circuit stated, "[defendant's] claims here are long on generalities and short on specifics." *United States v. Ahmad*, 62 F.3d 396, 1995 WL 449667, at *2 (5th Cir. 1995). That description applies equally well to Nunez's failure-to-investigate claim. Nunez does not allege with specificity what further investigation would have revealed and how it would have altered the outcome of the case. *Green*, 882 F.2d at 1003. Accordingly, his claim cannot support relief. *See Ahmad*, 1995 WL 449667, at *2; *United States v. Scott*, 46 F.3d 66, 1995 WL 29268, at *1 (5th Cir. 1995) ("Because [movant] does not specify what the investigation or the witnesses would have done to help him, those allegations do not establish deficient representation."); *United States v. Herrera-Rodriguez*, No. EP-09-CV-0145-PRM, EP-08-CR-0618-PRM, 2010 WL 8032745, at *15 (W.D. Tex. Nov. 8, 2010) (2255 movant "must allege with specificity what the investigation would have revealed and how it would have changed the outcome").

16

Furthermore, Nunez's counsel directly refutes his allegations. (*See* DE 897). According to Nunez's counsel, he visited with Nunez several times to discuss the evidence in the case and any possible defenses. (*Id*.). Additionally, Nunez and his attorney met with the Government and the Government presented, in detail, the evidence against Nunez. Because the record belies Nunez's claim that his attorney failed to conduct an adequate pretrial investigation, he cannot show that his attorney was ineffective for failing to investigate his frivolous claims. *Green*, 882 F.2d at 1003. Even assuming *arguendo,* that Nunez's attorney had failed to investigate his claims, Nunez cannot show any prejudice because of his attorney's alleged "deficient" performance because Nunez cannot show how his attorney's performance prejudiced the outcome of his case. *Id*.

Accordingly, this claim should be summarily denied.

**B.      Nunez's claim that his attorney was ineffective for failing to file substantive pretrial motions fails because he cannot meet either of the *Strickland* prongs.**

In his next claim, Nunez alleges that his attorney failed to file any substantive pretrial motions. (DE 858 at 35). Nunez argues that had his attorney filed substantive pretrial motions in his case, "he would have [] been able to determine the strength of the government's case-in-chief." (*Id*. at 36). Nunez further states that these motions would have significantly aided Nunez in deciding whether to negotiate a plea agreement or proceed to trial. As set forth below, this speculative claim fails.

In this instant case, Nunez's attorney filed the following pretrial motions:

(1) Motion for hearing to determine the existence of conspiracy (DE 330);

(2) Motion for disclosure of favorable treatment or threats to Government witness (DE 331); and

(3) Motion for *Jencks* Act material (DE 332).

Although Nunez lists numerous types of pre-trial motions his trial counsel could have filed, Nunez fails to provide any details as to the applicability of any of the mentioned motions. (*See* DE 858 at 35-36). Furthermore, Nunez fails to explain what prejudice, if any, Nunez endured as a result of his attorney's failure to file any of the pretrial motions he lists. Nunez, simply speculates that had his attorney filed any of these motions they would have somehow assisted Nunez in making a more informed decision on whether to plead guilty or not. (*Id*. at 36).

Conclusory allegations, whether made by a *pro se* litigant or by counsel, are clearly insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 2012 (5th Cir. 1983); *United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) (stating that "conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on that issue). Nunez's allegation that his attorney failed to obtain the necessary discovery for him to make an informed decision is conclusory. Furthermore, Nunez fails to support his claim that he was not informed or advised well enough by counsel as to whether to

18

plead guilty or not. (*See* DE 858 at 35-37). Under *Strickland*, it is presumed that counsel shared with Nunez any relevant information he had learned at this stage of the proceeding, and Nunez has failed to rebut this presumption with his simplistic allegations. *See, e.g., Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (reiterating that, under *Strickland*, "[c]ounsel's competence ... is presumed, and the [petitioner] must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy"). Furthermore, Nunez elected to plead guilty—and given the fact that he does not provide any detailed explanation about why he would have proceeded to trial and rejected the plea agreement, the record does not support the conclusion that Nunez's complaints about the discovery had any meaningful effect on the outcome of the proceeding. *See United States v. Avalos*, No. CR M-12-1512-1, 2017 WL 4326095, at *8 (S.D. Tex. July 5, 2017), report and recommendation adopted, No. CR M-12-1512, 2017 WL 4326567 (S.D. Tex. Sept. 27, 2017).

Because Nunez fails to provide any details as to the applicability of any of the mentioned pretrial motions, Nunez cannot show that his attorney had a Constitutional duty to file any of the listed pretrial motions his claim. Additionally, Nunez cannot meet the second prong of *Strickland* because he cannot show that there is a reasonable probability that, but for his counsel's alleged unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694.

19

Furthermore, where a defendant claims that ineffective assistance led him to plead guilty, in order to satisfy *Strickland*'s prejudice prong, he must show that "but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial" and that going to trial "would have given him a reasonable chance of obtaining a more favorable result" than he received pursuant to his guilty plea. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc) (internal citation and quotation omitted).

Nunez fails to satisfy their burden under *Batamula* of alleging a non-frivolous claim of prejudice. Nunez fails to show that he was likely to succeed at trial, nor could he in light of the substantial evidence that would have been presented at trial to prove their guilt (*See* PSR ¶¶ 38-110 (summarizing evidence)). *Batamula*, 823 F.3d at 241. Indeed, Nunez has failed to offer any evidence contradicting the plain conclusion that, if he had proceeded to trial he would have been convicted. Nunez further fails to provide any evidence that, had he gone to trial and was convicted, that the Court would have imposed a sentence lower than the one they received following his guilty plea.

"Stepping back and addressing the totality of the circumstances shows that [Nunez] fails to allege even a rational explanation" as to why he might have desired to proceed to trial. *Batamula*, 823 F.3d at 241. Nunez offers no evidence that proceeding to trial would have given him a chance at acquittal or at a lower sentence,

only that had he known he was pleading guilty to a life sentence, he would have had

nothing to lose by going to trial. Nunez, thus, "fails to allege facts or adduce evidence

showing that the outcome of the plea process would have been different with

competent advice." *Id.* at 243. "Thus, his prejudice claim is frivolous." *Id.*

Accordingly, this claim should be summarily denied.

### C. Nunez cannot satisfy either prong of *Strickland* regarding his claim counsel was ineffective for failing to negotiate a favorable plea agreement.

Nunez asserts that his counsel was ineffective because he failed to negotiate a

better plea agreement. (DE 858 at 38-39). Nunez argues that the plea agreement

Nunez's attorney obtained from the Government "conferred absolutely no benefit

upon [Nunez]." (*Id*. at 38). As set forth below this claim is meritless.

In exchange for Nunez's plea of guilty, the Government agreed to recommend

three levels off for acceptance of responsibility and to dismiss the eight remaining

counts of the superseding indictment. (DE 380). However, Nunez "does not allege

that a better plea agreement was available to him." *Logan v. United States*, No. 3:10-

CR-0143-M-(3), 2015 WL 9647598, at *8 (N.D. Tex. Dec. 11, 2015), *rep. and rec.

adopted*, No. 3:10-CR-0143-M-(3), 2016 WL 75079 (N.D. Tex. Jan. 6, 2016).

Further, he "makes no showing that even if the parties had reached a more favorable

agreement, the Court would have accepted it and imposed a more favorable

sentence." *Id.*

Nunez fails to show—or to attempt to show—"that but for the ineffective advice of counsel there is a reasonable probability" that: (1) the Government would have extended a more favorable plea offer to him; (2) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (3) that the court would have accepted the terms of the plea offer; and (4) "that [Nunez's] conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). Accordingly, "[b]ecause [Nunez] fails to provide any details, his claim of ineffective assistance is fatally vague." *Logan*, 2015 WL 9647598, at *8.

Accordingly, this claim should be summarily denied.

## V.    Conclusion

The United States respectfully requests that the Court schedule an evidentiary hearing explicitly limited to Nunez's claim that his counsel was constitutionally ineffective for improperly inducing Nunez to plead of guilty. The Government further requests that this Court otherwise deny Nunez's remaining claims in his § 2255 motion without further proceedings because the record conclusively establishes that he is not entitled to relief. Further, because reasonable jurists could not disagree with the dismissal or denial of that portion of Nunez's motion, no

22

certificate of appealability should issue. *See United States v. Bernard*, 762 F.3d 467,

483 (5th Cir. 2014).

                                       Respectfully submitted,

                                       RYAN K. PATRICK
                                       UNITED STATES ATTORNEY

                                       CARMEN CASTILLO MITCHELL
                                       Chief, Appellate Division

By:   s/ *Leo J. Leo III*
                                       LEO J. LEO, III
                                       Assistant United States Attorney
                                       Attorney for Respondent
                                       Texas Bar No. 24013027
                                       SDTX Bar No. 587705
                                       1000 Louisiana St., Suite 2300
                                       Houston, TX 77002
                                       (713) 567-9102

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Memorandum in Response to § 2255 Motion was on this 5th day of November 2018 filed by ECF and served on: all attorneys of record for the defendant via fax and/or email.


s/ *Leo J. Leo III*
Leo J. Leo, III
Assistant United States Attorney
Attorney for Respondent
